# John Grossman's Appeal.

When one of two innocent persons must suffer a loss, he shall suffer whose negligence was the cause of such loss.

A surety in a judgment note who signs and delivers it to the principal, on condition that the signature of another surety shall be obtained before the note is used, cannot resist payment of the note to the payee, who innocently lent his money to the principal on the faith of it, on the ground that the principal, instead of procuring the signature of another surety, forged such surety's name.

(Argued October 17, 1887. Decided October 31, 1887.)

October Term, 1887, No. 46, W. D., before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Butler County discharging a rule to show cause why a judgment confessed by warrant of attorney should not be opened and the defendant let into a defense. Affirmed.

From the depositions in support of the rule it appeared that the judgment was entered by I. J. McCandless against T. R. McCall, John Grossman, and George K. Baker, on a judgment note executed under the following circumstances:

In April or May, 1885, T. R. McCall called on John Gross-

NOTE.—The same ruling has been frequently made when the instructions of the surety have been disregarded, the assignee being an innocent purchaser. Whitaker v. Richards, 134 Pa. 191, 7 L. R. A. 749, 19 Am. St. Rep. 684, 19 Atl. 501; Keyser v. Keen, 17 Pa. 327; Simpson v. Bovard, 74 Pa. 351; Warfel v. Frantz, 76 Pa. 88; Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 442. This is true though the signature was obtained by fraud, the payee not being aware of the fraud. Rothermel v. Hughes, 134 Pa. 510, 19 Atl. 677. The same decision is made where the signature was made through ignorance of law. Stewart v. Behm, 2 Watts, 356. But in all of these cases the defense is available, where the payee has knowledge of the circumstances. Yohn v. Shumaker, 5 Pa. Super. Ct. 320, 41 W. N. C. 29, 28 Pittsb. L. J. N. S. 126.

man, a farmer, and asked him to become his surety for a certain sum of money; Mr. Grossman refused at first to do so, but at last consented to become surety for him provided McCall would get some other person to go on with him.

McCall went to I. J. McCandless of Butler, who was engaged in loaning money. McCandless, after having the records searched, agreed to lend McCall $200 if John Grossman and George K. Baker would go his bail. McCandless had his lawyer fill out a judgment note for $200 and gave it to McCall. McCall took the note to Grossman who signed it as surety after an agreement with McCall that it was not to be used unless George K. Baker signed it also as surety; and if George K. Baker did not sign it, it was to be void. McCall then forged George K. Baker's name to it and gave it to McCandless who, not being familiar with the signatures and relying entirely on McCall's word and making no inquiry of anyone else whether this was the genuine signature of Baker and whether Grossman had signed the note without stipulations or conditions and whether said note had been given to McCall for delivery, gave his check for $200. McCall committed suicide some time afterwards. The note was entered of record; execution issued thereon; a petition was presented to open the judgment; a rule to show cause was granted and afterward discharged, and this was assigned as error.

*J. F. Brittain* and *Stephen Cummings,* for appellant.—In Keener v. Crago, 81* Pa. 166, the court held that the creditor, from the information he received from the principal, should have known that two of the sureties had only signed an unfinished instrument; here he could have known it; and a jury should, under the instruction of the court, find whether I. J. McCandless in receiving the note from McCall acted as a prudent and careful man, and whether McCall in his negotiation with Grossman was acting as the agent of McCandless.

*Newton Black,* for appellee.—Where a surety to a bond signs upon the assurance that the principal will secure two other persons, specified and known to such surety, to sign the bond before he delivered the same, which the principal fails to do, but this is wholly unknown to the obligee at the time he accepts the bond, the surety is bound to perform the obligation. Simpson v. Bovard, 74 Pa. 361.

If one of two innocent persons must suffer, he shall suffer who by his own acts occasioned the confidence and the loss. Garrard v. Haddan, 67 Pa. 82, 5 Am. Rep. 412.

Grossman created the confidence; for without his signature to the note Mr. McCandless would not have parted with his money, and having so signed it, and the note being delivered to Mr. McCandless by the principal whom Grossman had, as he says, instructed to get Baker to sign it, without any knowledge by McCandless of Grossman and McCall's agreement, he is not affected by it, and Grossman is responsible to him for the note, his principal having failed to pay it. Keyser v. Keen, 17 Pa. 327; Loew v. Stocker, 68 Pa. 226.

PER CURIAM:

The court below committed no error in refusing to open the judgment. It is not material that Grossman signed the note with the expectation that Baker would also sign it as cosecurity. No knowledge of this understanding was brought home to McCandless, who loaned the money. If then Grossman signed the note and intrusted it to McCall to get the additional signature, he put it in the power of the latter to perpetrate a fraud upon McCandless. The latter had agreed to loan the money to McCall in case both Grossman and Baker became sureties. McCandless had no reason to suppose that the signature of Baker was a forgery.

It is a familiar rule of law that when one of two innocent persons must suffer a loss, he shall suffer whose negligence was the cause of such loss. The application of this principal to the case in hand affirms the decree.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.